SUPERIOR COURT
OF THE
STATE OF DELAWARE

**RICHARD F. STOKES**
*JUDGE*

**SUSSEX COUNTY COURTHOUSE**
**1 THE CIRCLE, SUITE 2**
**GEORGETOWN, DE 19947**
**TELEPHONE (302) 856-5264**

April 2, 2015

Daniel T. Conway, Esquire
Atlantic Law Group, LLC
512 East Market Street
Georgetown, DE 19947

Carolyn Swift a/k/a Carolyn L. Swift
2021 Ashwood Run
The Villages, FL 32162

Carolyn Swift a/k/a Carolyn L. Swift
112 Red Cedar Drive
Milton, DE 19968

RE: **CitiMortgage, Inc. v. Carolyn Swift a/k/a Carolyn L. Swift**
C.A. No.: S14L-07-015 RFS

Dear Counsel:

The Motion for Summary Judgment filed by Plaintiff is denied. Material facts are disputed, and judgment may not be entered as a matter of law.

Plaintiff seeks entry of an order granting summary judgment; however, material factual matters in dispute are apparent upon review of the record. "[S]ummary judgment may not be granted when the record indicates a material

fact is in dispute or if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances."[1]  When considering the facts in the light most favorable to the non-moving party,[2] there are details set forth in the answer, accompanying affidavits, and documents illustrating genuine issues of material fact regarding an alleged deed in lieu of foreclosure.[3]

Plaintiff contends Defendant's bankruptcy proceedings may not protect Plaintiff from an *in rem* action[4] such as the present *scire facias* action.[5]  Even if this is correct, questions may arise concerning whether a deed in lieu of foreclosure was accepted by Plaintiff and whether adequate notice was provided regarding Plaintiff's alleged rejection of a deed in lieu of foreclosure.  These contested issues present genuine factual disputes and prevent this Court from entering an order granting summary judgment.[6]

---

[1] *Guy v. Judicial Nominating Comm'n*, 659 A.2d 777, 780 (Del. Super. 1995).

[2] *Pullman, Inc. v. Phoenix Steel Corp.*, 304 A.2d 334, 335 (Del. Super. 1973) (discussing the standard of review at the summary judgment stage).

[3] Including a letter dated July 2, 2012 referencing a deed in lieu of foreclosure.  *See,* Def.'s Aff. Ex. A, No. 1(b).

[4] *See e.g., In re Mandehzadeh*, 2014 WL 423609 (Bankr. E.D. Va. Feb. 4, 2014) (explaining "[a] creditor's *in personam* and *in rem* rights are treated separately" because "[t]he *in personam* right is eliminated by a discharge in bankruptcy" but "[a] discharge does not affect the *in rem* right" which can "pass[] through bankruptcy unaffected by a discharge" (*citing Branigan v. Davis (In re Davis),* 716 F.3d 331, 338 (4th Cir.2013)).

[5] *See, Quadrant Structured Products Co., Ltd. v. Vertin*, 106 A.3d 992, 1009 (Del.) *certified question accepted*, 980 N.Y.S.2d 379 (N.Y. 2013) *and certified question answered*, 992 N.Y.S.2d 687 (N.Y. 2014) (explaining "[i]f the borrower defaults, the bank can proceed *in rem* by foreclosing on the mortgage, sue the borrower *in personam* on the promissory note, or both").

[6] Super. Ct. Civ. R. 56(c).

At this juncture, further inquiry is required and this case may not be summarily resolved. For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED**

**Very Truly Yours,**

*/s/ Richard F. Stokes*

_____

**Hon. Richard F. Stokes**

**cc: Prothonotary**